I respectfully dissent from the majority's findings of fact and conclusions of law that plaintiff suffered from the occupational disease of latex induced asthma.
Dr. Scher, plaintiff's family physician was adamant that he had never diagnosed plaintiff with asthma, as her symptoms were not consistent with asthma. However, he diagnosed her as suffering from numerous allergies and had bronchial spasms each winter. Nevertheless, when plaintiff presented to Dr. Sara Neal, Dr. Alicia Beal and Dr. Michael Aughey she inaccurately informed them that she had asthma. However, on these occasions plaintiff did not have the symptoms associated with asthma nor did she have symptoms consistent with latex allergy. However, her symptoms were consistent with laryngeal hyperfunction, a breathing condition that mimics asthma. From July 3 until September 16, 1996, though plaintiff worked in the defendant's operating room, an environment heavily laden with airborne powder from latex gloves, she went without missing a day of work or seeking treatment from any physician for asthma symptoms.
Plaintiff was referred to a pulmonologist, Dr. Aneysa Sane, who initially diagnosed plaintiff with latex induced asthma based on plaintiff's representation that she had a history of asthma and a positive latex sensitivity test. However, in the next three years, Dr. Sane came to realize that plaintiff continued to use the same amount of medication regardless of her exposure to latex. Further, plaintiff was not receiving relief from the asthma inhalers when she was having alleged asthmatic attacks. Consequently, Dr. Sane requested that plaintiff have a methacholine challenge performed. In fact, when the methacholine challenge test was performed it revealed that plaintiff did not have asthma but suffered from a condition known as laryngeal hyperfunction.
Plaintiff's expert, Dr. Kent Nastasi met with plaintiff one time. He performed a methacholine challenge that was negative for asthma. Dr. Nastasi performed a RAST test, which was negative for latex allergy. He did not perform the laryngoscopy, which he had stated was the "goal standard" for diagnosing laryngeal hyperfunction. Despite these negative findings, Dr. Nastasi, nonetheless, diagnosed plaintiff with latex-induced asthma.
From the evidence of record it is clear that plaintiff does not suffer from asthma. Therefore, it is impossible that she suffers from the occupational disease of latex induced asthma. Her treating physician of three years, Dr. Sane, admitted that she initially misdiagnosed plaintiff based on the inaccurate history given to her by the plaintiff. The testimony of Dr. Sane, who treated plaintiff for three years, upon referral from plaintiff's own family doctor and prior to any litigation should be given more weight than the testimony of Dr. Nastasi, chosen by plaintiff's counsel, who saw plaintiff only one time and who diagnosed plaintiff with latex-induced asthma despite his own objective findings to the contrary.
Thus, I dissent from the majority's findings of fact and conclusions of law that plaintiff suffers from the occupational disease of latex induced asthma.
 S/_______________ DIANNE C. SELLERS COMMISSIONER